# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MURVELL WATSON, )
)
    Plaintiff, )
)
v. ) No. 17 C 4862
)
NATIONAL RAILROAD PASSENGER )
CORPORATION, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant National Railroad Passenger Corporation's (Amtrak) motion to dismiss. For the reasons stated below, Amtrak's motion to dismiss is denied.

## BACKGROUND

On May 10, 2015, an Amtrak train traveling from Chicago, Illinois to New Orleans, Louisiana collided with a truck owned by KCJ Trucking in Amite, Louisiana. Plaintiff Murvell Watson (Watson) was a passenger aboard the train at the time of the collision and contends that he suffered severe injuries as a result of the collision. Watson includes in his complaint negligence claims against Amtrak,

1

Stephen M. Ricketson, the driver operator of the Amtrak train, and Joshua Burras, the driver of the truck at the time of the collision. Watson filed his complaint on May 9, 2017 in the Circuit Court of Cook County, and on June 29, 2017, Amtrak removed the instant action to federal court. Amtrak now moves to dismiss all claims in the complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

In the instant action, Amtrak contends that the complaint must be dismissed because Watson failed to file within Louisiana's one-year statute of limitations for personal injury claims and therefore the action is time-barred. Amtrak argues that pursuant to Illinois' borrowing statute, Louisiana's statute of limitations should apply in this case. The Illinois borrowing statute provides that "[w]hen a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State." 735 ILCS 5/13-210. Under the borrowing statute, the statute of limitations of another state will apply to bar an Illinois action "where (1) the cause of action accrued in another jurisdiction, (2) the limitations period of that jurisdiction has expired; and (3) all parties were non-Illinois residents at the time the action accrued and remained so until the foreign limitations period expired." *Ennenga v. Stars*, 677 F.3d 766 (7th Cir. 2012)(quoting *Newell Co. v. Petersen*, 325 Ill.App.3d 661 (2001)); *See Employers Inc. Of Wausau v. Ehlco Liquidating Trust*, 309 Ill.App.3d 730, 742 (1999)(stating that "Illinois courts will not apply the statute of limitations of another statute or foreign country if

3

any of the parties to the action were Illinois residents at the time the cause of action accrued until the time the limitations laws of the foreign state had run").

In the instant action, it is undisputed that the collision occurred in Louisiana on May 10, 2015, and that Louisiana's one-year statute of limitations for personal injury claims had run by the time Watson filed this action on May 9, 2017. Amtrak contends that because the cause of action occurred in Louisiana, and neither Watson nor Amtrak were residents of Illinois at the time of the accident or before the foreign limitations period expired, Louisiana's one-year statute of limitations should apply pursuant to Illinois' borrowing statute. Amtrak attached a Non-Employee Injury Report and a Passenger Reservation Information Sheet to the instant motion. Amtrak indicates that Watson provided 2550 Dumaine Street, New Orleans, Louisiana as his address on both the Non-Employee Injury Report and the Passenger Reservation Information Sheet. Amtrak argues that based on this information, Watson was a resident of Louisiana at the time of the accident and remained a resident of Louisiana until the foreign limitations period expired. (Mot. Par. 2).

Watson argues that the borrowing statute does not apply in this action because he was and remains an Illinois resident, and therefore, Illinois' two-year statute of limitations for personal injury claims should be applied in this case. Watson alleges that he frequently travels from Chicago to visit his family in New Orleans, Louisiana, where the family residence is located. (Resp. Par. 10, 13). Watson

contends that Chicago, Illinois has been his principal residence since 2005. (Resp. Par. 5). An affidavit signed by Watson states that he uses his family's Louisiana address of 2550 Dumaine Street when he travels to Louisiana to visit, but never intended to establish residency in Louisiana when he filled out the Non-Employee Injury Report. Watson argues that he merely provided his family's local Louisiana address of 2550 Dumaine Street on the Non-Employee Injury Report out of convenience since he was being immediately treated for his injuries in Louisiana and would likely remain in Louisiana to continue medical care until he was able to return to Chicago. (Resp. Par. 13).

Watson provided a copy of his Illinois Issued State Identification Card, which was issued on November 24, 2014. Watson contends that he is registered to vote in Illinois and receives mail in Illinois. (Resp. Par. 5, 16). Watson further contends that his general medical providers are all located in Chicago. (Resp. Par. 17). A review of Watson's attached medical records of pharmacy history between January 26, 2015 and March 4, 2015 show 1165 N. Milwaukee Avenue, Chicago, Illinois, as Watson's address. Additional records submitted by Watson include a signed record of admission to GlenCrest Healthcare and Rehabilitation Centre, a Chicago, Illinois based facility, from December 16, 2016, a June 2017 lease agreement for an apartment in Watson's name, located at 2640 North Sheffield Avenue in Chicago, Illinois, and a utility bill in Watson's name for electric services provided at the Sheffield Avenue apartment from June 30, 2017 through July 12, 2017. The court

finds that the evidence provided by Watson is sufficient to show that Watson was a resident of Illinois at the time the cause of action accrued and remained an Illinois resident until the statute of limitations in Louisiana had run. Therefore, Watson's claims are timely. The motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Amtrak's motion to dismiss is denied.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 16, 2017